UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARBEN CELA,

                Petitioner,                No. 05-CV-71530-DT

vs.                                          Hon. Gerald E. Rosen

BRIAN MOSKOWITZ, Detroit Field
Office, in his official capacity of Special
Agent in Charge, U.S. Immigration &
Customs Enforcement,

                Defendant.
_____/

ORDER TRANSFERRING CASE TO THE
SIXTH CIRCUIT COURT OF APPEALS

      At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on      May 24, 2005
PRESENT:   Honorable Gerald E. Rosen
                    United States District Judge

I. INTRODUCTION

This matter is before the Court on the petition of Arben Cela, a citizen of Albania, for a writ of habeas corpus and stay of execution of his final order of removal from the United States. The Government has responded to Cela's petitions. Having reviewed and considered the pleadings, briefs and supporting evidence submitted by the parties, for the reasons set forth below, the Court finds that it lacks jurisdiction to consider the challenge to Petitioner's final order of removal, as jurisdiction to review final orders of removal is

1

vested exclusively in the court of appeals for the judicial circuit in which an alien's administrative immigration proceedings were completed. The Court also does not have jurisdiction to review the Attorney General's discretionary decision to deny stay of deportation, or to grant a stay pending review by the Sixth Circuit.

## II. FACTUAL BACKGROUND

Petitioner Arben Cela entered the United States on a forged passport on October 13, 1998. Cela subsequently filed an administrative application for asylum on September 16, 1999. After interviewing Petitioner, the Immigration and Naturalization Service ("INS") (now known as the Bureau of Immigration and Customs Enforcement ("BICE")), denied Petitioner's request for asylum and charged him with being subject to removal.

At his merits hearing on February 16, 2001, Petitioner conceded removability but requested asylum, withholding of removal, and relief under the Convention against Torture ("CAT"). The Immigration Judge denied all of Petitioner's requests for relief.

Petitioner timely appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). On November 13, 2002, the BIA summarily affirmed the IJ's decision and granted Petitioner's request for voluntary departure, allowing Petitioner 30 days to voluntarily leave the country.[1] No appeal of the BIA's decision was ever filed in the

---

[1] Voluntary departure allows the alien to depart the United States at his own expense without being subject to the penalties and restrictions that deportation (or removal) imposes. An alien who departs voluntarily during the time period directed to do so may reenter the United States at any time after he has obtained proper documentation,

Sixth Circuit Court of Appeals.

Petitioner, however, did not voluntarily depart the United States.  Therefore, on April 14, 2004, the BICE issued a "bag and baggage" letter, instructing Petitioner to report for removal on May 3, 2004.  He was subsequently placed on an Order of Supervision and instructed to submit proof by June 1, 2004 that he had applied for an Albanian passport.  Then, on June 22, 2004, through counsel, Petitioner requested a reinstatement of voluntary departure and a stay of removal.  In April 2005, Petitioner's requests for reinstatement of voluntary departure and stay of removal were denied.  Thereafter, on April 19, 2005, Petitioner Cela, pursuant to 28 U.S.C. § 2241, filed the instant petition for writ of habeas corpus and for stay of removal.

### III.  DISCUSSION

On May 11, 2005, the President signed into law the REAL ID Act of 2005, Pub.L. No. 109-13, Div. B, 119 Stat. 231.  Section 106(a) of this Act amends Section 242(a) of the Immigration and Nationality Act, 8 U.S.C. § 1252(a) (which governs judicial review of immigration matters) and establishes that district courts lack jurisdiction -- habeas or otherwise -- to review any removal order for any alien.[2]  Section 106(b) of the REAL ID

---

such as an immediate relative visa.  *See Ramsey v. INS*, 14 F.3d 206, 211, n.7 (4th Cir. 1994).

[2]  Prior to these amendments, under the Supreme Court's decision in *INS v. St. Cyr*, 533 U.S. 289 (2001), district courts retained habeas corpus jurisdiction to review constitutional challenges to removal orders.

The pertinent amended provisions of Section 242(a), with the new amendments

italicized, provide as follows:

> **§ 1252 (a)**
>
> * * *
>
> **(2) Matters not subject to judicial review.**
>
> **(A) Review relating to section 1225(b)(1)** [denials of asylum applications and removal]
>
> Notwithstanding any other provision of law *(statutory or nonstatutory), including section 2241 of title 28 United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title*, no court shall have jurisdiction to review --
>
>> (i) except as provided in subsection (e) of this section, any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1223(b) of this title,
>>
>> (ii) except as provided in subsection (e) of this section, a decision by the Attorney General to invoke the provisions of such section. . . . .
>
> * * *
>
> **(B) Denials of discretionary relief**
>
> Notwithstanding any other provision of law *(statutory or nonstatutory), including section 2241 of title 28 United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings,* no court shall have jurisdiction to review --
>
>> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
>>
>> (ii) any other decision or action of the Attorney General the authority for which is specified under this subchapter to be in

> the discretion of the Attorney General, other than the granting of relief under section 158(a) of this title. . . .

*\* \* \**

*(D) Judicial Review of Certain Legal Claims*

*Nothing in subparagraph (B) or (C) or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.*

*\* \* \**

*(4) Claims Under the United Nations Convention --*

*Notwithstanding any other provision of law (statutory or nonstatutory), <u>including section 2241 of title 28 United States Code, or any other habeas corpus provision</u>, and sections 1361 and 1651 of such title, a petition for review filed with the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of any cause or claim under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment, except as provided in subsection (e).*

*(5) Exclusive Means of Review -- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28 United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, <u>a petition for review filed with the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act</u>, except as provided in subsection (e).  For purpose of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, <u>the terms 'judicial review' and 'jurisdictional review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision</u>, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).*

5

Act provides that the amendments are effectively immediately:

> *Effective Date* -- The amendments made by subsection (a) shall take effect upon the date of the enactment of this division (i.e., May 11, 2005) and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of this division.

Section 106 further provides that habeas petitions currently pending in district courts "shall" be transferred to the courts of appeals to be treated as petitions for review filed pursuant to § 242(a) if the INA, 8 U.S.C. § 1252(a), to the extent that the habeas petition seeks review of a removal order.[3]  Section 106 also makes clear that the district courts have no jurisdiction to hear a request for stay of removal that would prevent the execution of a removal order.  *See* note 2, *supra*.  Section 101(f) of the REAL ID Act further clarifies that judicial review is barred as to discretionary determinations by the

---

[3]  Section 106(c) provides as follows:

*Transfer of Cases* -- If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation or exclusion, is pending in a district court on the date of the enactment of this division, the the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note).  The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section [30-day deadline for filing petition for review] shall not apply.

Attorney General or his designee made <u>outside</u> the context of removal proceedings, as well as within those proceedings. *Id.*

In this case, Petitioner Cela seeks habeas review of his removal order entered February 16, 2001 and the District Director's discretionary denial of his request for reinstatement of voluntary departure and stay of removal. The REAL ID Act makes clear that this Court does not have the jurisdiction to grant the relief requested by Petitioner. Rather, exclusive jurisdiction over this matter lies in the Sixth Circuit Court of Appeals.

Therefore, pursuant to § 106(c) of the REAL ID Act,

IT IS HEREBY ORDERED that this case shall be TRANSFERRED to the Sixth Circuit Court of Appeals.

SO ORDERED.


                                         s/Gerald E. Rosen
                                         Gerald E. Rosen
                                         United States District Judge

Dated: May 25, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 25, 2005, by electronic and/or ordinary mail.

                                         s/LaShawn R. Saulsberry
                                         Case Manager